# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Anton Davis, 9/20/1988.
Doc#460351, North Branch
13110 in pmullen Highway
S.W. Cumberland, Md.21502

\*

```
_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

AUG 2 6 2024

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                        DEPUTY
BY _____
```

*(Full name, date of birth, identification #, address of petitioner)*
**Plaintiff,**

\*

**v.**

(see attached
compliant)

\*

**Case No.:**_____
*(Leave blank. To be filled in by Court.)*

\*

*(Full name and address of respondent)*
**Defendant(s).**

## COMPLAINT

I.  Previous Lawsuits

A.  Have you filed other cases in state or federal court dealing with the same facts as in this case or against the same defendants?

YES  ☐    NO  ☑

B.  If you answered YES, describe that case(s) in the spaces below.

1.  Parties to the other case(s):

Plaintiff: _____ ( N/A)

Defendant(s): _____ ( N/A

2.  Court (if a federal court name the district; if a state court name the city or county):

_____ ( N/A

3. Case No.: _____ ( N|A )_____

4. Date filed: _____ ( N|A )_____

5. Name of judge that handled the case: _____ ( N|A )_____

6. Disposition (won, dismissed, still pending, on appeal): _____ ( N|A )_____

   _____

7. Date of Disposition: _____ N/A _____

## II. Administrative Proceedings

A. If you are a prisoner, did you file a grievance as required by the prison's administrative remedy procedures?

   YES ☑    NO ☐

   1. If you answered YES:

      a. What was the result? It was dismissed

         _____

      b. Did you appeal? _____

         YES ☑    NO ☐

   2. If you answered NO to either of the questions above, explain why: _____ ( N|A )_____

      _____

      _____

## III. Statement of Claim
   (Briefly state the facts of your case. Include dates, times, and places. Describe what each defendant did or how he/she is involved. If you are making a number of related claims, number and explain each claim in a separate paragraph.)

   _____ (see attached) _____

   _____

   _____

   _____

   _____

IV. Relief
   (State briefly what you want the Court to do for you.)

_____ (see attached) _____

_____

_____

_____

SIGNED THIS ____15th____ day of ___august_____, __2024__.

_____
Signature of Plaintiff

_____
Printed Name

_____
Address

_____(N/A)_____
Telephone Number

_____(N/A)_____
Email Address

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Aaron Davis - 9/20
/1988. DOC #460351,
North Branch, 14100 nf mu
llen Highway, SW. Cumberla
nd. Md 21502                          *

*

**(Full name, date of birth, identification #, address of petitioner)**
**Plaintiff,**

v.                                    Case No.: _____
                                      *          **(Leave blank. To be filled in by Court.)**

(see attached
form complaint)                       *

_____

_____                   *

**(Full name and address of defendant)**
**Defendant(s).**

## CERTIFICATE OF SERVICE

I hereby certify that on _____ See Attached _____, _____, _____

a copy of _____

was mailed via first class mail, postage prepaid, to _____

_____

Aaron Davis" 460 51.
**Signature of Plaintiff**

Aaron Davis, 460351
**Printed Name**

14100 nf mullen highway
Cumberland,
**Address**

( N/A )
**Telephone Number**

( N/A )
**Email Address**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

Aaron Davis,
Plaintiff,

v.

Corizon/Yes Care, Medical Services,
Kristine, Asst. Dir. Nursing,
Negussie, P.A., Shawn Gainer, C.M.,
Richard Roderick, Supervisor
Case Management, Jeffery Nines, Warden,
Keith Arnold, Former Asst. Warden &
ADA Coordinator, North Branch Inst.,
Department of Public Safety
& Correctional Services, (DPSCS);
Department of Corrections, (DOC);
Dayena Corcoran, Commissioner, DOC,
Defendants.'

```
_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

          AUG 2 6 2024

          AT BALTIMORE
CLERK, U.S. DISTRICT COURT
   DISTRICT OF MARYLAND
BY                        DEPUTY
```

JURY DEMAND ON ALL COUNTS
VERIFIED CIVIL COMPLAINT

JURISDICTION

The Jurisdiction of this court is invoked pursuant to 28 U.S.C.
§1331; & 1343(a)(3); which confers original jurisdiction to hear
claims brought under 42 U.S.C. §1983.

Jurisdiction also rests under Title II of the A.D.A. 42 U.S.C.
§12132, §12101 et seq., & the Rehabilitation Act. 29 U.S.C.§ 794 et seq.;

The court also has supplement jurisdiction over the plaintiff's
state law claims under 28 U.S.C. § 1367.

PARTIES

PLAINTIFF

1.   The plaintiff, Aaron Davis, (hereinafter "Davis"); is a U.S.
Citizen of the state of Maryland, who is disabled and was at all
times relevant hereto this complaint, imprisoned within the Maryland
Department of Public Safety & Correctional Services, (DPSCS); at
NBCI located at: 14100 McMullen Hwy, SW; Cumberland, MD 21502-5777.

DEFENDANTS

2.    The defendant, Corizon and/or Yes care, (hereinafter "C/YC"), is and was at all times relevant hereto this complaint medical service for the DOC, and as such was responsible for providing health care services to prisoners confined within the DOC at North Branch Inst., (NBCI).

3.    The defendant, Kristine (hereinafter "Kris"), is the Assistant Director of Nursing for C/YC and as such was responsible for overseeing and facilitating medical orders, files, staff assignments, recommending, ordering and approving medical equipment and treatment etc., for prisoners housed at NBCI.

4.    The defendant, Negussie, (hereinafter "Neg"); is a P.A. for C/YC, and as such was responsible for treating, diagnosing, ordering and prescribing treatment, recommending and approving equipment for disabled persons housed at NBCI.

5.    The defendant, Gainer, (hereinafter "Gainer"); is employed by the DOC/DPSCS at NBCI, and as such is assigned as a Case Manager, responsible for overseeing classification, monitoring, categorizing and placement of individuals housed in the facility. This would include, but not be limited to, evaluations, housing assignments, recommendations and referrals etc. The defendant, did utilize his position to cause and effect a violation of the plaintiff's rights, by failing to assist and/or accommodate him as a person with disabilities. His place of business is located at: 14100 McMullen Hwy, SW; Cumberland, MD 21502-5777

6.    The defendant, Richard Roderick, (hereinafter "Roderick"), is employed by the DOC/DPSCS at NBCI, as a Case Management Supervisor, responsible for oversight of case management procedures and protocols. This would include, but not be limited to, oversight that procedures are followed, along with the evaluation, classification, housing and placement etc of all individuals confined within the facility. The defendant, while holding this position did cause to effect a violation of the plaintiff's rights, by failing to assist and/or accommodate him as a person with disabilities. His place of business is located at: 14100 McMullen Hwy, SW; Cumberland, MD 21502-5777

7.    The defendant, Jeffrey Nines, (hereinafter "Nines"); is employed by the DOC/DPSCS, as a Warden at NBCI, who works to the pleasure of the commissioner, responsible for overseeing all staff under his administration and supervision, daily operations within the facility, health and safety of all prisoners housed therein, and as such did cause to effect a violation of the plaintiff's rights, by failing to assist and/or accommodate him as a person with disabilities. His place of business is located at: 14100 McMullen Hwy, SW; Cumberland, MD 21502-5777

1.

8.    The defendant, North Branch Facility, (hereinafter "NBCI"), is
a state facility, a department or division of the DOC/DPSCS;
responsible for the housing, safety and security of all prisoners'
therein, and as such, did cause to effect a violation of the
plaintiff's rights, by failing to assist and/or accommodate him as a
person with disabilities. Its place of business is located at: 14100
McMullen Hwy, SW; Cumberland, MD 21502-5777.

9.    The defendant, Dept., of Public Safety & Correctional Services,
(hereinafter "DPSCS"), is an agency/municipality and oversees the
division of the Dept., of Corrections, (DOC), and as such was
responsible for audits, inspections, ordinance, implementing rules,
regulation procedures and protocols governing the health and safety
of prisoners housed within all of the DOC, divisions and facilities,
which would include, but not be limited to, overseeing the placement
of proper equipment, staff, the enforcement, administering,
facilitation of care and treatment for individuals with
disabilities, within their facilities. Their place of business is
located at: 6776 Reisterstown Rd. Suite 300, Baltimore, MD 21215.

10.    The defendant, Department of Correction, (hereinafter "DOC");
is an agency/municipality that comprises of several prison
facilities in the state of Maryland, and as such is responsible for
housing, security, health and safety of all person(s) confined in
the state, this would include, but not be limited to, overseeing the
availability of programming and opportunities for individuals with
disabilities, staff and equipment in assisting such, its enforcement
to assure equal opportunity, the administering and facilitation of
care and treatment for those individuals. Their place of business
located at: 6776 Reisterstown Rd. suite 300, Baltimore, MD 21215

11.    The defendant, Dayena Corcoran, (hereinafter "Corcoran"), is
the commissioner employed by the DPSCS, and as such, is responsible
for oversight, day to day operations, security and enforcement of
policies and procedures within all DOC facilities in Maryland. Place
of business is located at: 6776 Reisterstown Rd, Suite 300,
Baltimore, MD 21215.

## STATEMENT OF FACTS

12.    The plaintiff,[1]/ was diagnosed at birth as hearing impaired a

> [1]/ The term "Plaintiff" would be
> interchangeable in certain instances
> or where convenient to explain an
> incident or situation.

disability he suffers from to date. Tubes were placed in his ears as
an infant. His mother patiently taught him how to speak and write as
he was developing, and at the age of 5 he was prescribed a pair of
hearing aids.

13. Despite this, the plaintiff continued to struggle communicating and was placed in special education for hearing impaired and similar disabilities.

14. The plaintiff's condition slowed him down in his thinking, reacting and comprehending with complete understanding in comparison with the average person that can hear. This excluded him from participating in normal activities with other individuals and resorted in being sheltered growing up. Consequently, the plaintiff developed anger issues, and was diagnosed with bipolar, A.D.H.D., A.D.D., O.D.D. and depression throughout his teens and adult years.

15. The plaintiff, have been imprisoned and under the care, control and custody of the DOC/DPSCS at MCIJ, since Oct. 31, 2017. Where he was provided some, if not most of the necessary equipment for hearing impaired persons, which consisted of an alert beacon within the cell wall, a beeper, captel phone and video relay along with qualified staff to attend to his conditions.

16. On or around Sept. 15, 2021, the plaintiff was arbitrarily transferred to NBCI, from MCIJ, due to an alleged assault for which he was found not guilty. His medical records followed.

17. Apparently, upon information and belief, NBCI has a very small amount of hearing impaired individuals possibly about 2, like the plaintiff.

18. Since Davis admission, he have been denied the adequate resources he needs to function within the facility, by the defendants Yes Care, Kristine and Negussie, and other medical staff, and have had continuous run-in with prison officials due to his inability to hear, where officers believe he intentionally ignore's them, when in fact, he couldn't hear.

19. Consequently, YesCare, Kristine and Negussie, failed to continue, correlate, comport or comply with the plaintiff's prescribed regimen,

20. Fail to provide the proper equipment necessary to assist Davis, disabilities equivalent to what was prescribed at his prior facility,

21. Fail to instruct or provide guidance for him to navigate within the facility,

22. Failed to inform prison officials about his conditions as a prisoner with disabilities thereby, subjecting him to civil rights violations by prison officials.

23. The defendants, dragged their feet for sometime and after numerous complaint's was made, medical made certain recommendations and notified prison officials in part regarding the same.

4.

24. During the month of October 2021, Davis, was seen by an Audiologist Dr. Ross Cushing, who recommend that he be placed on single cell status until he is sent back to his former facility, where he can get the proper treatment for his disabilities. This recommendation was ultimately denied by Nines and his administration.

25. On Nov. 23, 2021, the plaintiff was seen by Gainer, where he was provided with a financial statement of his account. However, Gainer failed to assist him in obtaining the equipment he needs to communicate or methods to help him participate in daily activities for which he made complaints. Instead, Gainer insulted and/or disrespected Davis, by attempting to have him convert to a snitch, attempting to get the plaintiff to provide information to staff regarding activities going on within his housing unit.

26. Roderick, did maliciously and intentionally refused to provide assistance to Davis, following approximately two requests sent to him, the latter dated Dec. 20, 2021; informing again that he needed a beacon, beeper a captel phone and video relaying phone to assist in his hearing disability, as was provided at his former facility.

27. Nines, was also put on notice dated Dec. 20, 2021, that a number of requests was made to his subordinates, that he was hearing impaired and in need of assistance in obtaining all of the equipment requested. However, this was ignored.

28. On Dec. 22, 2021, Davis, filed a follow-up request to Gainer, again, asking for assistance do to his inability to hear, but to no avail.

29. Consequently, Nines failed in his duties to provide any assistance to the plaintiff, after he received an informal complaint specifying that numerous requests was sent to his subordinates to provide the equipment necessary for the plaintiff to adjust and participate in activities and other programs within the facility.

30. Nines, was aware that Davis, was hearing impaired since his inception, and failed to accommodate or follow proper procedures governing persons with disabilities,

31. Nines, maliciously and intentionally failed in his duties to investigate his subordinates, after complaints were made to him that he was not given any of the equipment necessary to assist him in communicating day to day,

32. Gainer, continued to deny assisting Davis in obtaining the communication devises he needs to function after he was sent a request dated Jan. 10, 2022; and June 29, 2022, expressing the same.

33. This matter was brought to the commissioner via grievance and on Aug. 4, 2022, Nines, was instructed to comply with the ADA and state regulations to accommodate Davis, but failed to do so.

5.

34. Nines, completely disregarded the commissioner's instructions and went rouge, after a conference was held at the facility where Davis was present, and was blatantly told by all of the defendants that they would not be providing any assistance to him. Instead, the defendants advised him to stay out of trouble, and after a year or so they would consider transferring him to another facility.

35. NBCI, is a maximum security institution. The facility lack the proper equipment to accomodate deaf or hearing impaired individuals, and as such failed to assist Davis, by providing effective communicating devises that would have help him through daily activities, AS required by title II, of the ADA, and Rehabilitation Act, 504 Section. NBCI is funded by the state and federal funded by the government.

36. The defendants, did maliciously and intentionally discriminate against Davis, by denying him the proper communication devises, the opportunity to work, participate in schooling and other programs, in order to earn credits.

37. The defendants, by their policies and practices discriminated, by denying Davis, access to personal trained to assist or accomodate a hearing impaired person, to inform them on important matters;

38. have been denied meaningful assistance in defending himself at disciplinary proceedings,

39. have been experiencing difficulties in effectively communicating by telephone with relatives, friends and attorneys etc.

40. Davis, inability to obtain these devises resulted in constant harassment by prison guards on a number of occasions, where he was pulled over strip searched, and ruffed up for either allegedly disobeying orders, walking to slow, entering or exiting the cell to slow, where he get caught between the door closing, as a result of not knowing whether recreation was called or other specified appointments with staff etc., missing his door, all due to him trying to determine what prison officials are saying

41. Currently, the plaintiff still have not been provided with the equipment he needs, and have been placed on administrative segregation, (admin seg); where he remained for several months and released. However, he continues to suffer.

42. The defendant DPSCS, failed to provide the facilities in the divisions under their agency with the necessary equipment, qualified staff, programs and treatment to assist hearing impaired person(s); as the plaintiff,

43. Failed to assure the plaintiff be housed at a facility that affords him the proper regimens, care and treatment with qualified staff trained to assist hearing impaired individuals,

44.  Failed to enforce rules and regulations assigned to individuals with disabilities when prison officials refuse to do so, by provide the equipment for the plaintiff.

45.  The defendant DOC, failed to assure placement in a facility equip to deal with individuals with disabilities, or afford him the proper regimens and qualified staff for him to participate in programing.

46.  The commissioner after notifying prison officials to comply with the ADA, failed to enforce complaince of the regulations or take any other measures to assist the plaintiff, when prison officials refuse to do so.

## CAUSE OF ACTION

### Deliberate Indifference
### In violation of the 8Th & 14Th
### Amendment U.S. Const.

### COUNT ONE

The defendants, by their acts and omissions, as stated in par. 1 thru 46, did violate the plaintiff's rights When they denied him the necessary communication devises to accomodate his disability.

### COUNT TWO

The defendants, by their acts and omissions, as stated in par. 1 thru 46, did violate the plaintiff's rights. When they failed to follow proper procedure after being put on notice that Davis was hearing impaired.

### COUNT THREE

The defendants, by their acts and omissions, as stated in par. 1 thru 46, did violate the plaintiff rights. When they was instructed by headquarters to comply with the ADA and state regulations DPSCS 200.0007; but refused to do so.

### COUNT FOUR

The defendants, by their acts and omissions, as stated in par. 1 thru 46, did violate the plaintiff's rights. When they failed to comply with the audiologist recommendations.

### COUNT FIVE

7.

The defendants, by their acts and omissions, as stated in par. 1 thru 46, did violate the plaintiff's rights. When they fail to equip the facility with the devises necessary to accomodate hearing impaired persons.

### COUNT SIX

The defendants, by their acts and omissions, as stated in par. 1 thru 46, did violate the plaintiff's rights. When they failed to enforce policy and procedures under the ADA, after prison officials refused to accomodate him.

### COUNT SEVEN

The defendants, by their acts and omissions, as stated in par. 1 thru 46, did violate the plaintiff's rights. when they failed to provide staff personal properly trained to assist persons hearing impaired, i.e., Davis.

### Discrimination/Discriminatory Practices
### Equal Protection Clause
### In violation of the 5Th & 14Th
### Amendment U.S. Const.

### COUNT ONE

The defendants, by their acts and omissions, as stated in par. 1 thru 46, did violate the plaintiff's rights. When he was deprived of the opportunity to work and participate in school and other educational programs in order to earn credits.

### COUNT TWO

The defendants, by their acts and omissions, as stated in par. 1 thru 46, did violate the plaintiff's rights. When they deprive him of placement in a facility equip to accomodate prisoners with disabilities.

### COUNT THREE

The defendants, by their acts and omissions, as stated in par. 1 thru 46, did violate the plaintiff's rights. When they deprived him of effective communication devises to alert him on daily activities.

### COUNT FOUR

The defendants, by their acts and omissions, as stated in par. 1 thru 46, did violate the plaintiff's rights. When he was constantly harassed, searched and issued infractions for experiencing difficulties hearing staff.

8.

## RELIEF REQUESTED

DECLARE, that the defendants actions violated the plaintiff's rights under both the state and federal constution,

DECLARE, that the defendants actions violated the ADA Title II, and DPSCS 200.0007, and the Rehabilitation Act 504 Section

DECLARE, that the defendants actions was discriminatory,

DECLARE, the defendants actions unconstitutional,

ISSUE AN ORDER OR INJUNCTION requiring the warden and his administration to provide video rely phone visits with close caption and a captel phone,

ISSUE AN ORDER OR INJUNCTION requiring the warden and his subordinated to provide the plaintiff with a beeper to keep on his person to alert him of all movements within the facility,.

ISSUE AN ORDER OR INJUNCTION requiring the warden and his subordinates to install an alert becon device within the plaintiff's cell that would assist with announcing movement and other instructions provided by prison officials, Alternatively;

ORDER, that the plaintiff be sent back to his former facility at MCIJ, where he can be merged back into the hearing impaired program,

GRANT, Compensatory Damages in the amount of Three Hundred Seventy Five Dollars, ($375.00), per day deprived assistance or accommodation since his admission within the facility to the present,

GRANT, Compensatory Damages in the amount of one hundred Fifty Thousand Dollars, ($150,000.00); Jointly and Severally from each of the defendants for discriminatory practices,

GRANT, Punitive Damages in the amount of one hundred Sixty Thousand Dollars, ($60,000.00), Jointly and Severally for spiteful and malicious intent to deprive the plaintiff assistance for his disabilities,

GRANT, any and all such relief deemed just and equitable.

## CAPACITIES

The defendants, are being sued in their official, personal and individual capacities.

## VERIFICATION

9.

The undersigned plaintiff, do hereby depose and state under oath that
all of the facts and information provided in paragraphs 1 thru 46, is
true and accurate, and is based on my own personal knowledge and belief:


SIGNED UNDER THE PENALTIES OF PERJURY.



Submitted by,


*Aaron Davis* #460351 ,
---
Aaron Davis: #460351
14100 McMullen Hwy, SW;
Cumberland, MD 21502-5777


DATED: ___8-15-24___ ,
Cc:

## CERTIFICATE OF SERVICE

The plaintiff, Aaron C. Davis, do hereby certify and state that a copy of the verified civil complaint accompanied with a financial statement printout of my inst., account balance for the past six momths, have been served upon the clerk's office for the U.S. district court of Maryland, at their place of business, via first class pre paid postage mail.

Submitted by,

_Aaron Davis_ #460351,

Aaron C. Davis, #460351
14100 McMullen Hwy; SW;
Cumberland, MD 21502-5777
Cc:

DATED:   8-15-24   ,